# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MAGGIE E. BECKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| CREATIVE CIRCLE LLC, | ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, by and through undersigned counsel, and for her Complaint, states as follows:

1. Plaintiff is an individual residing in St. Louis City, State of Missouri. (hereinafter "Plaintiff").

2. Creative Circle LLC (hereinafter "Defendant") is a Delaware Limited Liability Company registered as a foreign Limited Liability Company with the State of Missouri Secretary of State and doing business in St. Louis City, State of Missouri, at an office located at 200 N. Broadway, Suite 710, St. Louis, Missouri, 63102, where Plaintiff was located for the duration of Plaintiff's employment with Defendant.

3. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on November 11, 2020 against Defendant alleging disability discrimination and harassment. The EEOC issued its "Right to Sue" letter on June 30, 2021. A true and correct copy of the "Right to Sue' letter is attached hereto as Exhibit A. *See Exhibit A attached hereto.*

4. This action is based on the charge attached hereto as Exhibit B provided pursuant to 42 USC 2000e, et. seq., known as The Civil Rights Act of 1964. This Court has original jurisdiction over this matter pursuant to 42 USC 2000e, et. seq. and 28 USC 1331. *See Exhibit B attached hereto.*

5. 42 USC 2000e-5(f)3 provides this action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in this case St. Louis City, State of Missouri, located in the Eastern District of Missouri.

6. Defendant operates at an office in St. Louis City, State of Missouri where Plaintiff was employed until her termination in July 2020.

7. Plaintiff is a female suffering from a Multiple Sclerosis disability and worked for Defendant at its office in St. Louis City, State of Missouri.

8. In the course of her employment with Defendant, Plaintiff was a top producer in the St. Louis office.

9. Despite being informed of her disability, Defendant made no reasonable disability accommodation toward Plaintiff. Plaintiff requested an accommodation in March 2019 of working from home to manage her disability while performing job functions. Defendant was unreasonably denied her accommodation request.

10. Defendant forced Plaintiff to work in conditions, continuously and for the duration of her employment, that Defendant knew to be detrimental to Plaintiff's disability and well-being.

11. Defendant suffered ongoing and continuous harassment from her managers because of her disability. Defendant was "written up" and received electronic

mails on several occasions citing her discussions with co-workers about her disability. However, these "write ups" and electronic mails were just part of the ongoing and continuous discrimination, harassment and retaliation suffered by Plaintiff from Defendant and its managers due to her disability.

12. No matter what Plaintiff did to help herself with her disability, Plaintiff was not supported in her requests for fair disability and health related accommodations. The work environment at Defendant was often difficult for Plaintiff given her disability. Defendant and its managers were indifferent to the reasonable needs and accommodations of Plaintiff causing her even more harassment, discrimination, and suffering.

13. Plaintiff filed for Family Medical Leave Act ("FMLA") benefits in an effort to protect herself from discrimination and harassment at Defendant's workplace and to navigate treatment changes for her disability with little to no support from Defendant.

14. Although Plaintiff was a top producer for Defendant, Plaintiff was terminated on, or about, July 1, 2020 by Defendant as a result of disability discrimination and harassment, and was just one more instance of discrimination and harassment.

15. As a result of Defendant's conduct, Plaintiff has suffered emotional trauma and harm and other damages in violation of 42 USC 2000e, et. seq. and is entitled to relief under 42 USC 2000e, et. seq.

**WHEREFORE**, Plaintiff prays that this Honorable Court find in favor of Plaintiff and against Defendant in the amount of at least $1,000,000.00, plus punitive damages in the amount of at least $1,000,000.00, attorney's fees as appropriate and other relief as is just and equitable.

    Respectfully submitted,

/s/ J. Christopher Wehrle
James Christopher Wehrle, #45592MO
**WEHRLE LAW LLC**
2601 S. Hanley Rd.
St. Louis, Missouri 63144
(314) 272-4113
(314) 272-4107 Facsimile
chris@wehrlelaw.com