UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAGGIE E. BECKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:21CV1166 RLW |
| v. | ) |
| | ) |
| CREATIVE CIRCLE, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's Motion to Dismiss or, in the Alternative, Stay Action and Compel Arbitration ("Motion to Dismiss"; ECF No. 4) and Plaintiff's Motion to Convert Defendant's Motion to Dismiss or, Alternatively, Motion to Stay [Docs. 4-5] to a Motion for Summary Judgment ("Motion to Convert"; ECF No. 15). This matter is fully briefed and ready for disposition. The Court grants Defendant's request to stay this action and compel arbitration and denies Plaintiff's Motion to Convert Defendant's Motion to Dismiss or, Alternatively, Motion to Stay.

**I.     Background**

On June 21, 2016, Plaintiff Maggie E. Becker ("Plaintiff")[1] signed the Dispute Resolution Agreement ("the Arbitration Agreement"), which included a mutual agreement with her employer, Defendant Creative Circle, LLC ("Defendant"), to arbitrate any disputes. (ECF No. 5-2).

Plaintiff was terminated on or around July 1, 2020. (Complaint, ¶ 14). On November 11, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity

---
[1] At the beginning of her employment, Plaintiff was known as "Maggie Humphrey." (ECF No. 5-1, ¶¶ 5-7)

1

Commission ("EEOC"). In her Charge of Discrimination, Plaintiff alleged disability discrimination and harassment under 42 U.S.C. §§ 2000e, *et seq*., against Defendant, her former employer. (Complaint, ECF No. 1, ¶¶ 3-4). Plaintiff filed her Complaint in federal court on September 28, 2021.

## II. Plaintiff's Motion to Convert Defendant's Motion to Dismiss or, Alternatively, Motion to Stay

As an initial matter, the Court addresses Plaintiff's Motion to Convert Defendant's Motion to Dismiss or, Alternatively, Motion to Stay [Docs. 4-5] to a Motion for Summary Judgment. In her Motion to Convert, Plaintiff argues that "Defendant's motion contains an affidavit and agreement that are outside the pleadings filed in this case." (ECF No. 16, ¶ 2). Because Defendant relies on matters outside the Complaint, Plaintiff asserts that the Court should convert Defendant's Motion to Dismiss into a motion for summary judgment. (ECF No. 16, ¶¶ 1, 4); *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

In support of its Motion to Dismiss, Defendant submitted matters outside the pleadings, such as the Arbitration Policy, which the Complaint neither mentions nor attaches, and which the Court must consider in resolving the Motion to Dismiss. "This forecloses the possibility of dismissal under Rule 12(b)(6) unless the Court converts the motion to one for summary judgment under Rule 56." *Heath v. Travelers Companies, Inc.*, No. CIV.08-6055(JRT/JJG), 2009 WL 1921661, at *3 (D. Minn. July 1, 2009) (citing Fed. R. Civ. P. 12(d)). In response, Defendant argues, without citation, that converting Defendant's Motion to Dismiss to a motion

for summary judgment "would be antithetical to the public policy supporting arbitration" and there would "simply be no utility in converting Defendant's Motion to one for summary judgment." (ECF No. 20 at 1).

Following the precedent in *Heath*, the Court "opts not to convert the motion … because Defendant has made a perfectly acceptable alternate request for relief: to compel arbitration and stay the case under the [Federal Arbitration Act]." 2009 WL 1921661, at *3. "In this procedural context, the Court is free to consider materials beyond the pleadings." *Id*. "When the Court is considering a motion to compel arbitration, 'the Court is free to consider materials beyond the pleadings' without converting the motion to one for summary judgment under Rule 56." *Brondyke v. Bridgepoint Educ., Inc.*, 985 F. Supp. 2d 1079, 1089–90 (S.D. Iowa 2013) (quoting *Heath*, 2009 WL 1921661, at *3). Therefore, the Court denies Plaintiff's Motion to Convert and denies the Motion to Dismiss, in part. The Court will consider the Motion to Dismiss only to the extent Defendant requests a stay and for the Court to compel arbitration.

### III. Defendant's Motion to Dismiss or, In the Alternative, Stay Action and Compel Arbitration

#### A. Standard of Review

"The Federal Arbitration Act reflects an emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011) (per curiam) (citation and internal quotation marks omitted). "This policy, as contained within the Act, requires courts to enforce the bargain of the parties to arbitrate, and cannot possibly require the disregard of state law permitting arbitration by or against nonparties to the written arbitration agreement." *Id*. (internal citations and quotation marks omitted). "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in

favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Bank of Am., N.A. v. UMB Fin. Servs., Inc.,* 618 F.3d 906, 911 (8th Cir. 2010) (citation and internal quotation marks omitted). "The scope of an arbitration agreement is given a liberal interpretation, with any doubts resolved in favor of arbitration." *MedCam, Inc. v. MCNC,* 414 F.3d 972, 975 (8th Cir. 2005). Further, "[a]n order compelling arbitration 'should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Id.* (quoting *Lyster v. Ryan's Family Steak Houses, Inc.,* 239 F.3d 943, 945 (8th Cir. 2001)). "[C]ourts must examine a complaint with care to assess whether any individual claim must be arbitrated. The failure to do so is subject to immediate review." *KPMG LLP v. Cocchi*, 565 U.S. 18, 22 (2011). "[T]he FAA limits a district court's initial role in any challenge to an arbitration agreement to deciding whether 'the making of the agreement for arbitration or the failure to comply therewith' is at issue." *MedCam, Inc. v. MCNC,* 414 F.3d 972, 974 (8th Cir. 2005) *(quoting* 9 U.S.C. § 4); *Indus. Wire Prod., Inc. v. Costco Wholesale Corp.*, 576 F.3d 516, 520 (8th Cir. 2009). "[O]ur circuit has refined this inquiry to asking 1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at hand, i.e., whether the dispute *falls within the scope* of the arbitration agreement." *Id*. (emphasis in original). "A court must grant a motion to compel arbitration if a valid arbitration clause exists which encompasses the dispute between the parties." *3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1198 (8th Cir. 2008) (citing 9 U.S.C. § 4; *MedCam, Inc. v. MCNC,* 414 F.3d 972, 974 (8th Cir. 2005)).

4

### B. Consideration

Plaintiff argues that the Court should not grant Defendant's Motion to Stay Action Compel Arbitration because the Arbitration Agreement is not supported by consideration. (ECF No. 14, ¶¶ 7-12). Plaintiff claims that the Arbitration Agreement was optional because it was not "a mandatory condition of employment" with Defendant. (ECF No. 14, ¶ 8 (citing ECF No. 5-2 at 3)). Further, Plaintiff claims no consideration was exchanged, except that Defendant "potentially saves in terms of attorney's fees and court costs." (ECF No. 14, ¶ 9). Plaintiff further notes the Arbitration Agreement contains a "Class Action Waiver," which is a "unilaterally imposed condition barring employee from participating in a class action." (ECF No. 14, ¶ 10).

State law is applied to determine if a binding agreement exists. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629-31 (2009); *Bank of Am., N.A.*, 618 F.3d at 911. Under Missouri law, the party seeking to compel arbitration bears the burden to prove a valid and enforceable arbitration agreement exists. *LoRoad, LLC v. Glob. Expedition Vehicles, LLC*, 787 F.3d 923, 927 (8th Cir. 2015) (citing *Baier v. Darden Rests.*, 420 S.W.3d 733, 737 (Mo. Ct. App. 2014)). A valid contract under Missouri law requires offer, acceptance, and bargained for consideration. *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770, 774 (Mo. banc 2014); *Vest v. Cracker Barrel Old Country Store, Inc.*, 371 F. Supp. 3d 593, 598 (W.D. Mo. 2018).

The Court holds that the Arbitration Agreement is enforceable because it contains a mutual obligation to arbitrate. *See* ECF No. 5-2, ¶ 12 ("This Agreement is entered into for good and valuable consideration, the receipts and sufficiency of which is hereby acknowledged, including, without limitation that, the promises by the Company and by me to arbitrate

5

differences, rather than litigate them before courts or other bodies, provide consideration for each other."). "If a contract contains mutual promises imposing a legal duty or liability on each party as a promise to the other party, the contract is a bilateral contract with sufficient consideration." *Vest*, 371 F. Supp. 3d at 599 (citing *Sniezek v. Kan. City Chiefs Football Club*, 402 S.W.3d 580, 583 (Mo. Ct. App. 2013)). Thus, the Court holds that the parties' mutual promise to arbitrate claims per the Arbitration Agreement's terms is sufficient consideration for a valid contract. *Vest,* 371 F. Supp. 3d at 600–01; *Dickson v. Gospel for ASIA, Inc.*, 902 F.3d 831, 834 (8th Cir. 2018) ("Consideration may take the form of a reciprocated promise to arbitrate or, when an arbitration clause is part of a larger, underlying contract, undertakings in the remainder of the contract may serve as consideration for the arbitration clause."); *Lee v. Burlington Coat Factory of Missouri, LLC*, No. 4:17-CV-02467-AGF, 2018 WL 1410235, at *4 (E.D. Mo. Mar. 21, 2018) (same); *Karzon v. AT & T, Inc.*, No. 4:13-CV-2202 CEJ, 2014 WL 51331, at *3 (E.D. Mo. Jan. 7, 2014) ("Under Missouri law, a mutual agreement between employer and employee to arbitrate is enforceable."); *McIntosh v. Tenet Health Sys. Hospitals, Inc./Lutheran Med. Ctr.,* 48 S.W.3d 85, 89 (Mo. Ct. App. 2001) ("We conclude this arbitration clause contemplates a mutual agreement between the parties to submit to [arbitration] and thus constitutes an enforceable contract.").

Likewise, the Court finds that the Arbitration Agreement was enforceable even though accepting mandatory arbitration was not a condition of employment. *See Lee*, 2018 WL 1410235, at *2 (court held that the arbitration agreement was a valid and enforceable contract even with the following provision: "Arbitration is not a mandatory condition of your employment at the Company, and therefore you may notify the Company that you wish to opt

6

out and not be subject to Step 3 Arbitration."). Thus, the Court holds that the Arbitration Agreement was enforceable where the employee did not opt-out of the agreement and signed it.

Further, the Court holds that the Arbitration Agreement was valid and enforceable, and did not impose unilateral conditions on Plaintiff's employment. As stated, Plaintiff claims that unilaterally employer-imposed policies are not enforceable contracts at law. (ECF No. 14, ¶ 11 (citing *Johnson v. McDonnell Douglas Corp.*, 745 S.W. 2d 661, 662 (Mo. banc 1988)). Plaintiff claims that the Class Action Waiver invalidates the Arbitration Agreement in its entirety. (ECF No. 14, ¶¶ 10-11). However, under *AT&T Mobility LLC v. Concepcion*, 563 U.S. 33 (2011) courts can apply state law defenses to the formation of the particular contract at issue on a case-by-case basis. Applying *Concepcion*, in a similar case, the Supreme Court of the State of Missouri severed the class arbitration waiver, but held that the "arbitration clause of the agreement is unconscionable and unenforceable." *Brewer v. Missouri Title Loans*, 364 S.W.3d 486, 496 (Mo. 2012). The Court holds that the class action waiver in the Arbitration Agreement does not invalidate the parties' mutual agreement to arbitrate, particularly because Plaintiff does not assert class claims against Defendant. *See Brewer*, 364 S.W.3d at 492.

### C. Unconscionability

Plaintiff asserts that the Arbitration Agreement is unconscionable because it "does not provide for specific informal complaint resolution" and because "[a]rbitration is required for any dispute at the cost of the employee. (ECF No. 14, ¶ 5). Plaintiff further claims that "[t]he employer is not required to pay attorney's fees, even if the employee wins." (*Id*. (citing *Brewer*, 364 S.W.3d at 495)). The Court holds that both of these arguments are invalid under the express terms of the Arbitration Agreement and it is not unconscionable.

7

First, the Court notes that the Agreement expressly provides for informal complaint resolution, prior to arbitration:

> This Agreement does not prevent or excuse Employee from following the Company's procedures for making a resolving complaints and this Agreement is not a substitute for following those procedures.
> ***
> Claims may be brought before and remedies awarded by an administrative agency if applicable law allows access to such an agency notwithstanding the existence of an agreement to arbitrate.  Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission […]

(Arbitration Agreement, ECF No. 5-2, ¶¶ 1, 1(b)).  In addition, the Arbitration Agreement does not impose arbitration costs on the employee.  Rather, the Arbitration Agreement provides that "Company shall pay the Arbitrator's and arbitration fees in connection with the arbitration."  (ECF No. 5-2, ¶ 5).  Finally, Plaintiff is entitled to the same monetary remedies in arbitration as are available in a court of law.  (*Id*. ("Each Party will pay the fees of his, her, or its own attorney/s, subject to any remedies to which that Party may later be entitled under applicable law.")).  Thus, according to the Agreement's terms, Plaintiff would be entitled to attorneys' fees as a prevailing party under Title VII or the ADA, if she prevails at arbitration.  (ECF No. 19 at 5).[2]  Because the Arbitration

---

[2] The attorneys' fees provision of ADA provides: "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs...." 42 U.S.C. § 12205; *Steelman v. Delano*, No. 4:12-CV-00134 CEJ, 2012 WL 5616156, at *3 (E.D. Mo. Nov. 15, 2012).  The attorney's fee provision of Title VII is 42 U.S.C. § 2000e-5(k): "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

8

Agreement does not contain a disparity in remedial options, Defendant was required to pay the costs of arbitration, and Plaintiff had an opportunity to receive her attorneys' fees if she prevailed, the Court holds that the Arbitration Agreement was not unconscionable on these bases, as claimed by Plaintiff.

In addition, the Court holds that the Arbitration Agreement is not unconscionable, even if Plaintiff was unable to negotiate its terms. (ECF No. 14, ¶ 4). "Missouri courts have described an unconscionable agreement as one in which 'no man in his senses and not under delusion would make, on the one hand, and as no honest and fair man would accept on the other,' or one where there is 'an inequality so strong, gross, and manifest that it must be impossible to state it to one with common sense without producing an exclamation at the inequality of it.'" *Pleasants v. Am. Express Co.,* 541 F.3d 853, 857 (8th Cir. 2008) (quoting *Smith v. Kriska,* 113 S.W.3d 293, 298 (Mo. Ct. App. 2003) and omitting internal quotations); *Cicle v. Chase Bank USA*, 583 F.3d 549, 554 (8th Cir. 2009). Plaintiff does not allege that she was unable to read the terms of the Arbitration Agreement, she was coerced into signing the Arbitration Agreement, or that the allegedly unequal bargaining power in any way affected her decision to enter into the agreement. Assuming the Arbitration Agreement was a contract of adhesion, that "alone is insufficient to make the contract[] unconscionable." *Rosemann v. Sigillito*, 877 F. Supp. 2d 763, 775 (E.D. Mo. 2012) (citing *Cicle,* 583 F.3d at 555 ("These sorts of take-it-or-leave-it agreements between businesses and consumers are used all the time in today's business world. If they were all deemed to be unconscionable and unenforceable contracts of adhesion, or if individual negotiation were required to make them enforceable, much of commerce would screech to a halt.")). Further, the Court notes that

Plaintiff was not required to enter into the Arbitration Agreement as a condition of her employment. *See* ECF No. 5-2, ¶ 8 ("**Arbitration is not a mandatory condition of employment at the Company, and therefore Employee may submit a form stating that Employee wishes to opt out and not be subject to this Agreement**.") (emphasis in original). Plaintiff accepted the offer to enter the Arbitration Agreement by failing to timely opt out. The Arbitration Agreement provided Plaintiff ample notice of her right to opt out, the means and deadline by which to do so, and the consequence of failing to opt out. (ECF No. 5-2, ¶ 8). "By failing to timely opt out, Plaintiff manifested her acceptance of the Arbitration Agreement's terms." *See Lee*, 2018 WL 1410235, at *4 (citing *Karzon*, 2014 WL 51331, at *2 ("By failing to opt out, he affirmatively accepted the arbitration agreement [under Missouri law]."); *Cicle*, 583 F.3d at 555 (holding that an arbitration agreement that was deemed accepted by failure to opt out not unconscionable under Missouri law)).

In sum, the Arbitration Agreement is a valid and enforceable contract. Under the FAA, Plaintiff's claims are thus referable to arbitration. Rather than dismiss the case, the Court will stay the action until the arbitration proceedings are concluded. *Fleischli v. North Pole US, LLC*, 4:12CV1618 CDP, 2013 WL 1965120, at *14 (E.D. Mo. May 10, 2013) (citing 9 U.S.C. § 3); *Lee*, 2018 WL 1410235, at *4.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or, In the Alternative, Stay Action and Compel Arbitration (ECF No. 4) is **GRANTED, in part**. This cause of action is **STAYED** and **ADMINISTRATIVELY CLOSED,** pending a resolution of the arbitration.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Convert Defendant's Motion to Dismiss or, Alternatively, Motion to Stay [Docs. 4-5] to a Motion for Summary Judgment (ECF No. 15) is **DENIED**.

**IT IS FINALLY ORDERED** that the parties shall file a joint status report within 14 days of a decision from the arbitration proceedings.

Dated this 21st day of April, 2022.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**